UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:04-CR-14 |
| | ) | |
| TALMADGE CODY | ) | |

REPORT AND RECOMMENDATION

Defendant has filed a Motion to Dismiss Counts 1 and 2 of the Indictment on the grounds of lost or destroyed evidence [Doc. 211]. That motion has been referred to the Magistrate Judge pursuant to the standing order of the Court and 28 U.S.C. § 626. An evidentiary hearing was held on March 7, 2006.

Count 1 of the indictment charges defendant with robbery of the Greene County Bank, and Count 2 charges him with using a firearm during that bank robbery.

In his motion, defendant argues that, subsequent to the robbery of the Greene County Bank on February 18, 2004, law enforcement officers were contacted on February 21, 2004, by a representative of First Tennessee Bank, who indicated that a deposit of currency had been made at that bank, and that the currency appeared to be stained with dye which indicated the money could have been the proceeds of the bank robbery. Detective Captain John Huffine of the Greene County Sheriff's Department went to First Tennessee Bank and retrieved the cash. The dye appeared to be old, not fresh. None of the cash bore serial numbers matching the "bait money" included

within the money stolen from the Greene County Bank. Nevertheless, Captain Huffine took possession of the currency. He also learned from First Tennessee Bank that the deposit had been made by a convenience store located at the intersection of Highways 11E and 70 in Greeneville. Captain Huffine promptly interviewed the convenience store manager and learned that the deposit was generated from cash received during the course of business the previous day, February 20, 2004. The store had surveillance cameras and Detective Huffine obtained videotapes from those cameras at approximately 11:00 a.m. At 6:00 p.m., Detective Huffine, for reasons not germane here, had focused on the Codys as the primary suspects. He considered the videotapes to be of marginal evidentiary value in the first place, and at this point he lost all interest in them and never viewed them. Ultimately, the proceeds from the bank robbery were discovered in the defendant's home and the cash bore indications of being "laundered" in the literal sense – the Codys had attempted to remove the dye, and it in no way matched the dye on the currency retrieved from the First Tennessee Bank.

At this point, the videotapes were determined to have no evidentiary value at all as far as the Greene County Sheriff's Department was concerned, and they likely were returned to the convenience store. In any event, the Greene County Sheriff's Department no longer has the tapes.

Beyond any doubt, the government is required to preserve all evidence subject to disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v.*

*United States,* 405 U.S. 150 (1972). If such evidence is lost or destroyed, the burden is upon the defendant to show *bad faith* on the part of the police. *See, Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Further, the defendant must show that the exculpatory value of the evidence was apparent before its destruction. *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002).

Based on the testimony of Detective Huffine and Detective Morgan of the Greene County Sheriff's Department, the Court concurs that the videotapes had no evidentiary value. Certainly, the "destruction" of those tapes was done in good faith. Defendant has not carried his burden of proof.

The defendant perhaps may be allowed cross-examine the government's witness regarding these videotapes, and presumably the jury will consider it for whatever it is worth. However, there is no basis to dismiss Counts 1 and 2 of the indictment under the authority of the cases cited above.

It is respectfully recommended that defendant's motion be DENIED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). The objecting party shall procure and file simultaneously with the objections a transcript of any testimony before the Magistrate Judge. If a transcript is not filed simultaneously with the objections, the party filing the objections shall either

(1) file a declaration that the transcript was ordered before the objections were filed and the date on which the party expects the transcript to be filed, **or** (2) affirmatively state that a transcript of the testimony presented to the Magistrate Judge is not needed for resolution of the objections. If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

s/ Dennis H. Inman<br>United States Magistrate Judge

.5