UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
V. ) No. 2:04-CR-14
)
TALMADGE CODY )

## REPORT AND RECOMMENDATION

Defendant has filed a "Renewed Motion to Suppress Defendant's Statement" [Doc. 209]. That motion has been referred to the Magistrate Judge pursuant to the standing order of the Court and 28 U.S.C. § 626. An evidentiary hearing was held on March 7, 2006.

On September 30, 2004, this Court conducted an evidentiary hearing with respect to defendant's *first* motion to suppress his statement [Doc. 21]. A Report and Recommendation was entered that same day [Doc. 71], which recommended that the motion to suppress be denied.[1]

At the evidentiary hearing on defendant's renewed motion, the Magistrate Judge did not again listen to the defendant's tape recorded statement inasmuch as that was unnecessary. However, at the defendant's request, the Court did order that at least one officer, who was personally present at the time of defendant's recorded statement,

---

[1] The Report and Recommendation was adopted and approved by the District Judge on December 22, 2004 [Doc. 92].

personally appear and testify at the hearing. *See,* Order, Doc. 223.

Detective Captain John Huffine testified. The interview of Mr. Cody was conducted in the presence of Detective Huffine, Detective Roderick, and Sheriff Burns. Neither Huffine nor Burns were armed; Detective Huffine did not know if Roderick was armed or not. Due to the time that has passed, Detective Huffine is unsure if Mr. Cody was shackled, or handcuffed, or both. However, he testified that it was standard operating procedure that a prisoner under those circumstances would be shackled, but not handcuffed.

There was nothing elicited during Detective Huffine's direct or cross-examination that suggests that defendant was under any sort of duress or coercion at the time he gave his statement or that his statement was not voluntary. At the earlier hearing on this issue, the Court listened to the audio recording of the defendant, and it bears repeating that defendant sounded rather calm and collected. As stated in the earlier Report and Recommendation [Doc. 71], "defendant's conversation with the law enforcement interrogators was matter-of-fact and rather cordial, under the circumstances."

Even after this supplemental evidentiary hearing, there is no evidence of coercive police activity surrounding defendant's statement on February 21, 2004. Even if it is assumed that defendant was suicidal and under some mental stress – an assumption that likely is quite unwarranted – , that fact alone, without antecedent

coercive behavior on the part of the interrogating officers, does not render the statement involuntary. *Colorado v. Connelly*, 479 U.S. 157, 164 (1986).

The Magistrate Judge again recommends that defendant's motion to suppress his statement be DENIED.

Any objections to this report and recommendation must be filed within ten (l0) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985). The objecting party shall procure and file simultaneously with the objections a transcript of any testimony before the Magistrate Judge. If a transcript is not filed simultaneously with the objections, the party filing the objections shall either (1) file a declaration that the transcript was ordered before the objections were filed and the date on which the party expects the transcript to be filed, **or** (2) affirmatively state that a transcript of the testimony presented to the Magistrate Judge is not needed for resolution of the objections. If a party files objections to this report and recommendation, the attorney for that party shall provide a copy of such objections to the opposing counsel on the same day the objections are filed, either by hand-delivery or facsimile transmission. The opposing counsel shall file his/her response to the objections within five business days of the date the objections are filed.

Respectfully submitted,

s/ Dennis H. Inman
United States Magistrate Judge

. 4