UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-14 |
| | ) | |
| TALMADGE CODY | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge which recommends that the defendant' renewed motion to suppress his statement be denied. The defendant has filed objections to this report. [Doc. 237].

The defendant contends that his incriminating statements must be suppressed because they were not voluntary, knowing, and intelligently made. According to the defendant, he could not knowingly and voluntarily waive his rights to remain silent and his right to counsel in view of his mental and emotional condition as evidenced by his admission to officers that he was suicidal.

Although mental condition is relevant to a defendant's susceptibility to police coercion, coercive police activity is a necessary predicate to a finding

that a confession was not voluntary within the meaning of the Due Process Clause. *Colorado v. Connelly*, 479 U.S. 157, 165-67, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986). The Court FINDS that there is no evidence of coercive police activity, and therefore, the defendant's due process claim must fail. Even if the officers had been coercive, the defendant has failed to show that he suffered from a mental illness at the time of the interview, which, when combined with coercion, produced a confession that was not a product of his own free intellect. *Townsend v. Sain*, 372 U.S. 293, 308, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 231], and that the defendant's renewed motion to suppress his statement is **DENIED**. [Doc. 209].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE