UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CR-14 |
| | ) | |
| TALMADGE CODY | ) | |

**O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge which recommends that the defendant' motion to dismiss Counts 3 and 4 of the indictment be denied. The defendant has filed objections to this report. [Doc. 238].

The defendant contends that Counts 3 and 4 of the indictment must be dismissed, because the government cannot show a realistic probability that this offense affected interstate commerce. Without citing supporting authority, he argues that "the only way that even the de minimus standard can be met is by the presentation of proof that the $200 loss _actually affected_ the purchase of video tapes or games." The defendant also contends that, at the first trial, "there was no showing as to what percentage of revenue is used by the store to purchase videos and games, or that this undefined percentage of $200 was sufficient to make any purchases so that a realistic probability existed that the robbery could have had any impact on interstate commerce at all."

First of all, what proof the government may offer at the second trial of the defendant is unknown, and the defendant's motion to dismiss Counts 3 and 4 is more of the nature of a renewed motion for judgment of acquittal which is untimely filed. In addition, the Sixth Circuit has repeatedly held that there is no requirement under the Hobbs Act that there be an actual effect on interstate commerce. *United States v. Collins*, 129 Fed.Appx. 213, 218 (6th Cir. 2005); *United States v. Peete*, 919 F.2d 1168, 1174 (6th Cir.1990). All that the government needs to show is that the robbery had a de minimis effect on interstate commerce by proving that the store that the defendant is alleged to have robbed did substantial business in videos and games, and that very few of these products originate in Tennessee. *United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999).

Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 232], and that the defendant's Motion to Dismiss Counts 3 and 4 of the Indictment is **DENIED**. [Doc. 200].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2