UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 2:04-CR-14 |
| | ) | |
| TALMADGE CODY | ) | |

## **O R D E R**

This criminal matter is before the Court to consider the Report and Recommendation of the United States Magistrate Judge which recommends that the defendant's motion to dismiss Counts 1 and 2 of the indictment be denied. The defendant has filed objections to this report. [Doc. 236].

The defendant argues that Counts 1 and 2 of the indictment must be dismissed because the government failed to preserve potentially exculpatory evidence, i.e., video tapes made at convenient stores where money from the robbery of Greene County Bank may have been passed. In his objection, the defendant contends that "[o]n the record before it the Court cannot be assured that the missing video tape or tapes do not contain exculpatory evidence."

The Supreme Court has clearly held that failure to preserve potentially useful evidence does not constitute a denial of due process of law

unless a criminal defendant can show bad faith on the part of the police. *Illinois v. Fisher*, 540 U.S. 544, 124 S.Ct. 1200, 1202, 157 L.Ed.2d 1060 (2004). *Arizona v. Youngblood*, 488 U.S. 51, 109 S.Ct. 333, 102 L.Ed.2d 281 (1988). The mere fact that the government disposed of the tapes in some manner does not by itself establish bad faith or provide any sort of inference that government officials acted in bad faith. *United States v. Generett*, 149 Fed.Appx. 432, 435 (6th Cir. 2005).

This record contains no evidence of a "calculated effort to circumvent [Brady's] disclosure requirements" or "official animus" or a "conscious effort to suppress exculpatory evidence," which would rise to the level of bad faith. *California v. Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984); *Youngblood,* 488 U.S. at 58; *United States v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996). Therefore, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED**, [Doc. 230], and that the defendant's Motion to Dismiss Counts 1 and 2 of the Indictment is **DENIED**. [Doc. 211].

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE